IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **EDDIE LEE CANADY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-2509-STA |
| ) | |
| **APAC, INC.,** ) | |
| ) | |
| Defendant. ) | |

---

**ORDER TO RE-ISSUE AND EFFECT SERVICE OF PROCESS**

---

Plaintiff Eddie Lee Canady filed this pro se action on August 6, 2009. The Court granted Plaintiff leave to proceed in forma pauperis on September 2, 2009, and consequently ordered the United States Marshal to effect service of process on Plaintiff's behalf.

On October 7, 2009, service of process was returned unexecuted. The service form was marked "need more information" and a letter from the agent for service of process advised that more than one entity is known as APAC, therefore, the full name of the entity was required.

When service documents are returned unexecuted, it is Plaintiff's duty to provide the Clerk with additional identifying information for reissuance of process and further attempts at service. Therefore, on February 2, 2010, the Court ordered Plaintiff to show cause as to why his claims against Defendant should not be dismissed for failure to effect service.

On February 19, 2010, Plaintiff with the aid of counsel filed a response to the Show Cause Order. In his response, Plaintiff argues that service was perfected on Defendant on September 15, 2009, by certified mail to Defendant's place of business at 1210 Harbor Avenue,

1

Memphis, Tennessee. Plaintiff argues that this is the address used by the EEOC during its investigation of Plaintiff's charge and Defendant's address of record with the Tennessee Secretary of State. Fed. R. Civ. P. 4(h) authorizes service on a corporation by any means prescribed in Rule 4(e)(1), which includes means provided under state law for serving a summons. Tennessee Rule of Civil Procedure 4.04(4) in turn provides that service may be accomplished by personally serving a defendant's chief agent in the county where the action is brought or by certified mail on the defendant's chief agent in the county where the action is brought. According to Plaintiff, Defendant's agent, Mike Walker, is the foreman/controller for Defendant's facility in Memphis, Shelby County, Tennessee. Walker signed the return receipt for the summons and complaint served at APAC's place of business in Memphis. While admitting that Walker is not the chief officer of APAC, Plaintiff contends that Walker has a position of authority such that it is "fair, reasonable, and just to imply authority on his part to receive service of process." After receiving the return receipt, Plaintiff argues that he properly filed proof of service with the Clerk of Court. Therefore, service of process was effected within the 120-day period set forth in Rule 4(m).

Furthermore, Plaintiff argues that he provided the Court with all of the information he had about Defendant including Defendant's business address at 1210 Harbor Avenue in Memphis. This information should have been sufficient for the Clerk, the U.S. Marshal, and CT Corporation, Defendant's registered agent, to identify and serve Defendant APAC. According to the docket, CT Corporation notified the Court by letter dated September 25, 2009, that it did not have enough information to identify Defendant APAC. Plaintiff argues that although APAC has other divisions, APAC has only one division in the state of Tennessee. According to the

Tennessee Secretary of State's office, APAC-Tennessee, Inc. has its principal place of business at 1210 Harbor Avenue, Memphis, Tennessee. Therefore, Plaintiff contends that he provided adequate information for CT Corporation to identify APAC. Plaintiff also asserts that he is entitled to rely on the U.S. Marshal to effectuate service.

Finally, Plaintiff argues that the record reflects his personal diligence to effect service of process. Plaintiff sought the appointment of counsel and, when the Court denied that, eventually hired his own attorney. Plaintiff also cites a docket entry of September 15, 2009, which he purports was an attempt to seek an extension of time.

## **ANALYSIS**

Fed. R. Civ. P. 4(m) requires the Court to dismiss a complaint without prejudice or order that service be made within a specified time if a defendant is not served within 120 days after the complaint is filed.[1] "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal."[2] When a plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, the Court must order a United States Marshal to serve plaintiff's process.[3] This requirement "thereby reliev[es] a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint."[4]

The Court finds that Plaintiff took reasonable steps to identify for the Court Defendant

---

[1] Fed. R. Civ. P. 4(m).

[2] *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

[3] Fed. R. Civ. P. 4(c)(3).

[4] *Byrd*, 94 F.3d at 219.

3

APAC when he filed his Complaint. Plaintiff's Complaint identified Defendant simply as APAC. Plaintiff also provided the address for APAC's principal place of business, 1210 Harbor Avenue, Memphis, Tennessee. Based on that identifying information, the Court finds that there was sufficient information from which to identify the "APAC" named in Plaintiff's Complaint. Plaintiff has shown that according to the Tennessee Secretary of State, there is only one APAC registered in Tennessee with its principal place of business at the address Plaintiff provided, an entity known as APAC-Tennessee, Inc. By its September 25, 2009 letter, CT Corporation notified the Clerk of Court that it needed additional information to identify which APAC was named in the Complaint, and the Court noted in its Show Cause Order that Plaintiff had the burden to provide that additional information. The record further shows that Plaintiff was mailed a copy of the letter from CT Corporation stating that it needed additional information to identify Defendant APAC. Plaintiff failed to take further action until the Court ordered him to show cause why his case should not be dismissed. Nevertheless, the Court finds that Plaintiff has demonstrated that the information he originally provided in his Complaint was adequate to identify Defendant APAC despite CT Corporation's conclusion to the contrary. Therefore, the Court orders the Clerk to re-issue and effect service of process in this matter.

It is **ORDERED** that the Clerk shall re-issue process for Defendant APAC and deliver that process to the marshal for service. Service shall be made on Defendant pursuant to Fed. R. Civ. P. 4(h)(1).[5] All costs of service shall be advanced by the United States. Service on Defendant shall include a copy of this order.

---

[5] APAC, Inc.'s agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

Because the Court has ordered that summons be re-issued, the Court declines to reach Plaintiff's additional arguments that service was already perfected by means of certified mail.

**IT IS SO ORDERED**.       s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 7th, 2010.